**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS,**
**METHODOLOGY AND DISCLAIMERS AND SPECIFIC**
**DISCLOSURES REGARDING DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

M&G USA Corporation (Case No. 17-12307 (BLS)) and its eleven affiliated debtors (collectively, the "Debtors") submit their *Schedules of Assets and Liabilities* (the "Schedules") and *Statement of Financial Affairs* (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Thereafter, on October 30, 2017 (the "Petition Date"), the other Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code commencing their cases before the Bankruptcy Court. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 17-12307 (BLS). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and advisors and are unaudited. Although those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

preparation after reasonable inquiry, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These *Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, each of the Debtors' Schedules and Statements.  Any party reviewing the Schedules and Statements should refer to, consider and consult the Global Notes in connection with such review.

These Global Notes consist of:  (I) general comments regarding the Schedules and Statements; (II) specific disclosures applicable to the Debtors' Schedules; and (III) specific disclosures applicable to the Debtors' Statements.

## General Comments Regarding the Schedules and Statements

1.      **Global Notes Control.**  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

2.      **Reservation of Rights.**  The Debtors and their advisors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions in the Schedules and Statements may exist.  The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description or designation of any claim against any Debtor (including, without limitation, reserving the right to:  (a) alter the description or designation of any claim; (b) dispute or otherwise assert a right of setoff or other defenses to any claim, including, without limitation, any defenses relating to amount, liability, priority, status or classification; (c) subsequently designate any claim as "disputed," "contingent" or "unliquidated"; and/or (d) object to the extent, validity, enforceability, priority or avoidability of any claim).  The absence of a "disputed," "contingent" or "unliquidated" designation with respect to any claim or amount in the Schedules and Statements does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent" or "unliquidated."
The Debtors' inclusion of a claim in the Schedules and Statements does not constitute an admission of liability by the Debtor against which the claim is listed or any other Debtor.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any right the Debtors may possess, including, without limitation, any right involving claims, defenses, equitable subordination, substantive consolidation and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes shall not in any respect limit the scope or breadth of the general reservation of rights contained in this paragraph.

**3.    Basis of Presentation.**  Except as otherwise noted herein or in the Schedules and Statements, the Schedules and Statements are intended to reflect the separate assets and liabilities for each of the Debtors.  For financial reporting purposes, the Company historically has prepared consolidated financial statements, which included financial information for M&G Chemicals S.A. and all of its subsidiaries and which in the past have been audited annually.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis.

The Schedules and Statements for all Debtors other than Chemtex International Inc. ("Chemtex") have been signed by Dennis Stogsdill, Chief Restructuring Officer for all of the Debtors other than Chemtex.  The Schedules and Statements for Chemtex have been signed by Pedro Losa, the President of Chemtex.  In reviewing and signing the Schedules and Statements, these parties necessarily have relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, these parties, either directly or indirectly.  Mr. Stogsdill and Mr. Losa have not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**4.    Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**5.    Date of Valuations.**  Except as otherwise noted herein or in the Schedules and Statements, the asset and liability information set forth in the Schedules and Statements reflects such information as of the Petition Date (or, in the case of Debtor M&G Polymers, the Polymers Petition Date).  The Schedules and Statements reflect the Debtors' reasonable best efforts to allocate the assets, liabilities, receipts and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency.  In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**6.    Entity Classification Issues.**  The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor.  Although the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including without limitation that: (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

**7.      Net Book Value of Assets.**  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for their assets.  Thus, unless otherwise indicated, the Schedules and Statements reflect approximate net book values in accordance with such Debtor's accounting books and records as of the Petition Date (or the Polymers Petition Date in the case of M&G Polymers).  Unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to, and may differ materially from, book values.

Except as otherwise noted, the Debtors' assets are presented as they appear on the Debtors' accounting sub-ledgers.  Certain assets may not appear in the Schedules and Statements because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety.  Moreover, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset ID). The Debtors believe that certain of their assets, including:  (a) intangibles with indefinite life (principally goodwill, trademarks and tradenames), may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases.  The Debtors have not formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date or the Polymers Petition Date to reflect carrying value.

**8.      Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  In addition, even where not marked as contingent, unliquidated or disputed, totals may represent the sum of all unpaid invoices issued by any creditor, as reflected in the applicable Debtor's books and records, without reference to any credits, allowances, defenses or counterclaims that may exist with respect to such invoices.  The Debtors reserve all of their rights with respect to any such defenses or counterclaims, including, without limitation, the right to amend the Schedules and Statements as necessary or appropriate.

**9.      Undetermined Amounts.**  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

**10.     Estimates.**  Certain of the Debtors' Schedules set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for, among other things, charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced charges.  To the extent that a claim of a particular vendor is an aggregate of multiple invoices, the Debtors have reflected the claim with a date of "undetermined."  If there is an estimate included in the schedule, the liability has been scheduled as contingent and unliquidated.

**11.     Paid Claims.**  The Debtors were authorized (but not directed) to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain scheduled liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is

necessary or appropriate to avoid over payment of, or duplicate payments for, any such liabilities.

**12.     Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, certain employee benefit accruals, accrued accounts payable, customer deposits and deferred gains.  The Debtors intentionally have not included "non-cash" accruals (*i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.  The Debtors also have not attempted to anticipate rejection damage claims of counterparties to executory contracts and unexpired leases that may arise out of future contract or lease rejections.  Moreover, the Debtors have not attempted to reflect certain alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.  In addition, certain immaterial assets and liabilities may have been excluded.

**13.     Confidential Information/Data Privacy.**  There are instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to withhold from the public record information such as names, addresses or amounts, typically out of concern for the confidentiality of such information or potential disruption to their operations or the privacy of an employee or other individual.

To protect the privacy of their current and former employees, the Debtors generally have not published home address information for such individuals in the publicly filed versions of their Schedules and Statements.  In addition, to comply to the maximum extent practicable with data privacy laws, certain other information regarding transfers and obligations to employees of the Debtors that are Luxembourg entities (collectively, the "<u>Luxembourg Debtors</u>") has been excluded from the publicly filed versions of the Schedules and Statements, as more fully described in the specific comments below.  Contemporaneously with the filing of these Schedules and Statements, the Debtors have provided the Office of the United States Trustee (the "<u>U.S. Trustee</u>") and the official committee of unsecured creditors appointed in these chapter 11 cases (the "<u>Committee</u>") with complete, unredacted copies of the Schedules and Statements containing all such information.  Copies of the unredacted Schedules and Statements are available to advisors to other parties in interest, subject to appropriate confidentiality protections.

**14.     Liens.**  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or may have attached) to such property and equipment.

**15.     Intercompany Claims.**  Intercompany receivables and payables among the Debtors in these chapter 11 cases and among the Debtors and their non-Debtor affiliates are reported at book value in Schedule A/B, Question 77 and Schedule E/F, Part 2, respectively.  Certain intercompany transfers between Debtors or non-Debtor affiliates are set forth on Statement Question 4.  Intercompany balances are reflected as of the Petition Date (or, in the case of M&G Polymers, the Polymers Petition Date) throughout the Schedules and Statements.  In the ordinary course of business, there are receivables and payables created between and among the various Debtors and their non-Debtor affiliates.  The listing of any amounts with respect to such

receivables and payables is not and shall not be construed as an admission of the characterization of such balances, as debt, equity or otherwise. Furthermore, the listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

Reasonable efforts have been made throughout the Schedules and Statements to indicate the ultimate beneficiary of a payment or obligation. Whether or not a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation, however, is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

**16.     Property and Equipment – Owned.** Owned property and equipment are recorded at cost. Depreciation and amortization are calculated based on common depreciation methods and depreciable periods ranging from 3 to 35 years. Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.

**17.     Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**18.     Litigation.** Certain litigation actions (the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors have made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action and the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future. Any litigation, or pending litigation, by the Debtors against third parties has not been disclosed here pending more thorough investigation and analysis by the company in consultation with the Unsecured Creditors' Committee.

**19.     Application of Customer Rebates.** Prior to the commencement of the chapter 11 cases, in the ordinary course of their business, certain of the Debtors maintained a customer programs involving rebates and volume discounts. Historically, the Debtors applied credits due pursuant to such programs against amounts due by customers. In the Schedules and Statements, the Debtors have identified any owed customer rebates on Schedule F.

**Specific Disclosures Regarding the Debtors' Schedules**

*Schedule A/B – Real and Personal Property*

**Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.**
Amounts identified in response to Question 3 reflect actual amounts in the respective accounts as of the Petition Date or the Polymers Petition Date, as applicable, and may vary from the amounts currently reflected in the Debtors' books and records.

Details regarding the Debtors' cash management system and bank accounts, including those bank accounts with zero balances, are provided in the *Motion for Interim and Final Orders (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (Docket No. 7).

**Question 7 – Deposits, Including Security Deposits and Utility Deposits.**  By the *Final Order Establishing Adequate Assurance Procedures With Respect to the Debtors' Utility Providers* (Docket No. 410), the Bankruptcy Court authorized the Debtors to provide adequate assurance of payment for future utility services, including deposits in connection therewith.  Such deposits are not identified in response to Question 7, which was prepared as of the Petition Date.

**Question 15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an LLC, partnership or joint venture.**  Each Debtor's Schedule includes its ownership interests, if any, in subsidiaries and partnerships without indication of the estimated book value as of the petition date.  Although the Debtors have the historical, original investment amounts, they have not necessarily captured the historical retained earnings or losses throughout the life of the applicable subsidiary.  Any values included in the Debtors' books and records are not necessarily accurate to the net book value of these subsidiary companies, nor are they indicative of any fair market value that may be associated with the individual entities, which may depend on numerous variables and factors and may differ significantly from the net book value.  Consequently, the Debtors have identified all amounts in response to Question 15 as "undetermined."

**Question 60-65 – Patents, Copyrights, and Other Intellectual Property**.  The Debtors have made their best efforts to identify and list all patents, copyrights and other intellectual property.  These assets are reflected in response to the applicable questions in the Schedules, and the value of the applicable Debtor's interest generally is identified as "undetermined."

**Question 73 – Interests in Insurance Policies or Annuities.**  The Company maintains certain insurance policies essential to its continued operations, including, but not limited to, property, casualty, general liability, and director and officer insurance policies.  The terms of the policies are similar to insurance policies typically maintained by corporate entities that are similar in size and nature to the Company.  To the extent the Debtors are entitled to a return or refund of any premiums, such right is reserved and is not waived.

**Questions 74, 75 – Causes of Action.**  Certain of the Debtors may be parties to pending or future litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or

counterclaims and/or cross-claims as a defendant.  Although the Debtors have made reasonable efforts to identify any such known claims in response to Questions 74 and 75, certain claims may not be known to the Debtors or may otherwise inadvertently have been omitted.

### *Schedule D – Creditors Holding Secured Claims*

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

The claims identified in Schedule D arose or were incurred on various dates and, in certain instances, the date on which a claim arose is an open issue of fact.  Accordingly, the Debtors generally have identified the date that any debt on Schedule D was incurred as "undetermined." In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended to be only a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of such agreements.

Except as specifically stated in Schedule D, real property lessors, utility companies and other parties that may hold security deposits have not been listed in Schedule D.  In addition, the Debtors have not included in Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  The Debtors reserve all of their rights to amend Schedule D to the extent that they determine that any additional claims should be reported in Schedule D.  Nothing in the Global Notes or the Schedules and Statements shall be construed as an admission by the Debtors of the legal rights of any claimant or a waiver of the Debtors' rights to recharacterize or reclassify any claim or contract.

### *Schedule E/F Part 1 – Creditors Holding Priority Unsecured Claims*

The Bankruptcy Court has entered orders authorizing the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code, including certain employee wages and benefits claims (Docket No. 69) and certain taxes (Docket No. 297).  To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included in Schedule E/F Part 1. The Debtors have identified certain taxing authorities on Schedule E/F Part 1 with contingent, disputed and unliquidated claims to reflect any additional prepetition claims, including any prepetition claims that may come due on a postpetition basis.  Certain claims of the taxing

NAI-1503325379v7                                         8

authorities set forth in Schedule E/F Part 1 ultimately may be determined to be secured claims or unsecured, nonpriority claims under applicable law.

The Debtors have made reasonable efforts to redact employee personal address information from Schedule E/F Part 1.  Moreover, the names of employees of the Luxembourg Debtors have been substituted with code numbers in the publicly filed Schedules to comply with potentially applicable data privacy rules to the maximum extent practicable.  The Debtors have provided the U.S. Trustee and the Committee with complete, unredacted copies of the Schedules and Statements containing all such information, which are available to advisors to other parties in interest, subject to appropriate confidentiality protections.

The identification of any claim in this Schedule does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.  In particular, certain obligations to taxing authorities may be subject to ongoing audits.  The Debtors reserve their rights to dispute or challenge such claims on any basis, including whether such claims are entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

### Schedule E/F Part 2 - Creditors Holding Nonpriority Unsecured Claims

The Debtors have used commercially reasonable efforts to report all general unsecured claims against the Debtors in Schedule E/F Part 2 based upon the Debtors' existing books and records as of the Petition Date (or the Polymers Petition Date in the case of M&G Polymers).  Even where not marked as contingent, unliquidated or disputed, claims identified on Schedule E/F Part 2 for, among other things, products, goods or services generally represent aggregate invoiced amounts according to the applicable Debtors' books and records without reference to any credits, allowances, defenses or counterclaims that may exist with respect to such invoices.  The Debtors reserve all of their rights with respect to any such credits, allowances, defenses and counterclaims including the right to assert objections and/or setoffs with respect to the claims identified in the Schedules or to amend the Schedules to reflect such credits, allowances, defense and counterclaims.

Schedule E/F Part 2 does not include certain deferred charges, deferred liabilities, accruals or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific prepetition claims.  The Debtors have made every effort to include as contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced. Each of these claims is listed as contingent, unliquidated or disputed.  In addition, certain claims listed in Schedule E/F Part 2 may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The claims identified in Schedule E/F Part 2 arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date each claim was incurred or arose, determining each such date would be unduly burdensome and cost prohibitive.  In addition, claims identified in

Schedule E/F Part 2 have been aggregated by creditor and may include several dates of incurrence for the aggregate balance listed.  As such, Schedule E/F Part 2 does not include the date of incurrence for every claim identified thereon.

The Bankruptcy Court has entered orders authorizing the Debtors to pay, in their discretion, certain outstanding claims, even though those claims were incurred, or arose prior to, the Petition Date, or the Polymers Petition Date, as applicable.  Schedule E/F Part 2 may reflect the Debtors' payment of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid, or may be paid, it is possible such claim is not included in the Schedule.  The Debtors may pay additional claims listed in Schedule E/F Part 2 during these chapter 11 cases pursuant to these and other orders of the Bankruptcy Court.  The Debtors reserve all of their rights with respect to such payments, including the right to update Schedule E/F Part 2 to reflect such payments.

The Debtors have made reasonable efforts to redact employee personal address information from Schedule E/F Part 2.  Moreover, the names of employees of the Luxembourg Debtors have been substituted with code numbers in the publicly filed Schedules to comply with potentially applicable data privacy rules to the maximum extent practicable.  The Debtors have provided the U.S. Trustee and the Committee with complete, unredacted copies of the Schedules and Statements containing all such information, which are available to advisors to other parties in interest, subject to appropriate confidentiality protections.

Schedule E/F Part 2 contains information regarding pending and threatened or potential litigation involving the Debtors.  The dollar amount of potential claims associated with any such litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.  The identification of such claims in the Schedules and Statements shall not constitute an admission by the Debtors as to the validity thereof.  Some of the litigation claims listed in Schedule E/F Part 2 may be subject to subordination pursuant to section 510 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.

Schedule E/F Part 2 also reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  Additionally, Schedule E/F Part 2 does not attempt to anticipate any potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

The books and records of Debtor Mossi & Ghisolfi International S.à r.l. ("MGI") reflect obligations of approximately $818,000 in potentially unpaid sale commissions relating to certain business of M&G Polimeri Italia Spa that MGI acquired on June 5, 2017.  MGI has no record of to whom such amounts may be owed and no claim for any such amount has been asserted against MGI.  Accordingly, such obligations are disclosed in the aggregate as "various sales commission obligations" on MGI's Schedule E/F Part 2 and marked as contingent.

### *Schedule G – Executory Contracts and Unexpired Leases*

The businesses of the Debtors are complex and, although every effort has been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.

NAI-1503325379v7

The Debtors reserve all of their rights to:  (a) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G; and (b) amend or supplement such Schedule as necessary.  The Debtors also reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the effectiveness, characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  In addition, certain of the contracts, agreements and leases identified in Schedule G may consist of several parts, some of which may not be identified in Schedule G.  The Debtors expressly reserve their rights to challenge whether all such related materials constitute an executory contract or unexpired lease, a single contract, agreement or lease or multiple, severable or separate contracts, agreements or leases.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  Further, to the extent that certain of the agreements include guarantors, or co-obligors, the agreements have not been disclosed on the guarantor's Schedule G, if such guarantor is a Debtor.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge.

The Debtors have made reasonable efforts to redact employee personal address information from Schedule G.  Moreover, the names of employees of the Luxembourg Debtors have been substituted with code numbers in the publicly filed Schedules to comply with potentially applicable data privacy rules to the maximum extent practicable.  The Debtors have provided the U.S. Trustee and the Committee with complete, unredacted copies of the Schedules and Statements containing all such information, which are available to advisors to other parties in interest, subject to appropriate confidentiality protections.

*Schedule H - Co-Debtors.*

The Debtors that are either principal obligors or guarantors with respect to the Debtors' prepetition funded debt are listed as co-debtors in Schedule H except in the context of unsecured guarantees of secured obligations.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The disclosure of a guarantee relationship on Schedule H does not constitute an admission by the Debtors as to the effectiveness or enforceability of such guarantee.  The Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or unenforceable.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  These matters may involve

multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Because such claims are listed elsewhere in the Schedules, they have not been set forth individually on Schedule H.

## Specific Disclosures Regarding the Debtors' Statements

**Question 3 – Certain Payments or Transfers to Creditors Within 90 days Before Filing this Case.**  The Debtors' responses to Question 3 include any disbursement or other transfer made by the Debtors except for those made (a) to potential insiders or other Debtors (which payments appear in response to Question 4, (b) on account of regular employee compensation and (c) to bankruptcy professionals (which payments appear in response to Question 11).

The amounts listed in Question 3 reflect the Debtors' disbursements netted against any check-level detail.  The reported information does not reflect any subsequent stop payment or void information.  Thus, to the extent a single disbursement was made to pay for multiple invoices, only one entry has been listed in response to Question 3.  All disbursements identified in response to Question 3 were made through the Debtors' cash management system.  Further details regarding the cash management system and the modifications made to the cash management system prior to the commencement of these chapter 11 cases are provided in the *Motion for Interim and Final Orders (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (Docket No. 7) (the "Cash Management Motion").

**Question 4 – Payments or Other Transfers of Property Made Within 1 Year Before Filing this Case That Benefited Any Insider.**  The Debtors' responses to Question 4 account for (a) their transactions between themselves, (b) their transactions with non-Debtor affiliates and (c) other transfers to potential insiders, as applicable.  As described in the Cash Management Motion, prior to the Petition Date or the Polymers Petition Date, as applicable, certain of the Debtors and certain of the Debtors' non-Debtor affiliates maintain business relationships with each other, which resulted in intercompany transfers of property during the year before the commencement of these chapter 11 cases.

The Debtors' responses to Question 4 also include transfers to certain individuals who may have been insiders at the time of the applicable transfer.  For purposes of providing the most comprehensive response practicable to Question 4, the Debtors categorized as potential insiders all employees with the title of Vice President or more senior.  The Debtors believe, however, that many such parties do not constitute "insiders" within the meaning of section 101(31) of the Bankruptcy Code, and the Debtors expressly reserve all of their arguments with respect to such issues.

To comply to the maximum extent practicable with data privacy laws, details regarding transfers made to current and former employees has been excluded from the publicly filed responses to Question 4 for the Luxembourg Debtors.  The Debtors have provided the U.S. Trustee and the Committee with complete**,** unredacted copies of the Statements containing all such

information, which are available to advisors to other parties in interest, subject to appropriate confidentiality protections.

**Question 6 – Set-offs.**  The Debtors' response to Question 6 includes set-offs effected by banks and financial institutions within the 90 days prior to the Petition Date or the Polymers Petition Date, as applicable.  In addition to these set-offs, the Debtors' relationships with their vendors require setoffs on regular cycles (weekly and monthly).  Documentation of these setoff transactions would be onerous and unwieldly.  Consequently, the Debtors have not attempted to report this information on the Statements.

**Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits.**  See Notes 17, 18, above.

**Question 10 – Casualty Losses.**  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.  Therefore, some losses may have been excluded.

**Question 11 – Payments Related to Bankruptcy.**  It generally is not possible for the Debtors to identify with particularity the Debtor or Debtors for whose specific benefit any bankruptcy-related payment may have been made within one year prior to the Petition Date or the Polymers Petition Date, as applicable.  Accordingly, the payments identified in response to Question 11 consist of all payments made by any Debtor on behalf of the Debtors collectively during that period that were, or may have been, related to bankruptcy.  Although the Debtors made reasonable efforts to identify all payments relating to bankruptcy, it is possible that some payments identified in response to Question 11 or some portions thereof related to other matters.

**Question 21 – Property Held for Others.**  The debtors have made reasonable efforts to identify and disclose property held for others in response to Question 21.  Due to the dispersed operations and complexities of the Debtors' businesses, however, these disclosures may or may not be accurate and complete.  The Debtors intentionally did not include leased equipment in these disclosures, the inclusion of which would be burdensome.

**Questions 22-24 – Details About Environmental Information.**  The Debtors have made reasonable efforts to identify all applicable environmental information requested by Questions 22 through 24.  These efforts included reviewing the Debtors' environmental records and incorporating the historical knowledge of certain of the Debtors' employees into the Schedules and Statements to the extent applicable and practicable.  For certain current or former locations, the Debtors may no longer be in possession of complete records or records that are reasonably accessible and reviewable.  In addition, certain individuals who possessed responsive information may no longer be employed by the Debtors.

Where requested categories of information were not reasonably available for an identified location or proceeding, the Debtors have provided as much information as is reasonably available.  The Debtors' responses do not include proceedings related to non-environmental laws, such as occupational safety and health laws or transportation laws.  The Debtors also make routine reports and submissions concerning discharges resulting from normal operations

consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions. The Debtors' responses to Questions 22 through 24 are limited to those reports and submissions that identify uncontrolled releases and hazardous materials and do not purport to identify all routine reports and submissions. The Debtors believe these efforts not only satisfy the requirements of the Schedules and Statements, but also satisfy the Debtors' objective of identifying all potential environmental liabilities so that any potential liability is brought to a resolution through these chapter 11 proceedings. To the extent a potential environmental liability has been identified through these efforts, that liability is reflected on the applicable Debtor's Schedule F. Due to data limitations and the latent nature of potential environmental liabilities, the Debtors acknowledge the possibility that potential environmental liabilities may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve all rights to amend or supplement the Schedules and Statements as necessary or appropriate.

**Question 26d – Parties to Whom Financial Statements Have Been Issued.** The Debtors have made commercially reasonable efforts to identify parties to whom financial statements have been issued during the two years prior to the Petition Date (or the Polymers Petition Date, as applicable). Nevertheless, the Debtors have provided financial statements in the ordinary course of business to a variety of parties for business, statutory, credit, financing and other reasons during that period, including regulatory agencies, financial institutions, investment banks, debtholders and their legal and financial advisors. Financial statements have also been provided to other parties as requested. Accordingly, it is possible that not all parties that have received financial statements from the Debtors have been identified.

**Questions 28-30 – Questions Relating to the Debtors' Officers, Directors, Managing Members, General Partners, Members in Control, Controlling Shareholders, or Other People in Control.** The identification of any party in the Debtors' responses to Questions 28 through 30 does not constitute an admission that any such party is an "insider" within the meaning of section 101(31) of the Bankruptcy Code, and the Debtors expressly reserve all of their arguments with respect to such issues.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

**Fill in this information to identify the case:**

Debtor name  M&G Chemicals S.A.

United States Bankruptcy Court for the:_____  District of Delaware

(State)

Case number (If known):  17-12316 (BLS)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1:  Summary of Assets

1.  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a.  **Real property:**
   Copy line 88 from *Schedule A/B* ....................................................................................................

   $                0.00

   1b.  **Total personal property:**
   Copy line 91A from *Schedule A/B*..................................................................................................

   $      20,064,013.26
   + undetermined amounts

   1c.  **Total of all property:**
   Copy line 92 from *Schedule A/B* ...................................................................................................

   $      20,064,013.26
   + undetermined amounts

### Part 2:  Summary of Liabilities

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ...............................

   $                0.00

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a.  **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a  of *Schedule E/F*...............................................

   $                0.00
   + undetermined amounts

   3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ............................................

   **+** $  1,126,752,944.62

4.  **Total liabilities**...........................................................................................................................................
   Lines 2 + 3a + 3b

   $  1,126,752,944.62
   + undetermined amounts

**Fill in this information to identify the case:**

Debtor name  M&G Chemicals S.A.

United States Bankruptcy Court for the:_____ District of Delaware
(State)

Case number (If known):    17-12316 (BLS)

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | $ 0.00 |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. See Attached Rider | | ___ ___ ___ ___ | $ 10,653.46 |
| 3.2. | | ___ ___ ___ ___ | $ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1. None | $ 0.00 |
| 4.2. | $ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.      | $ 10,653.46 |

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | |
|---|---|
| 7.1. None | $ 0.00 |
| 7.2. | $ |

Debtor      M&G Chemicals S.A.                                          Case number (if known) 17-12316 (BLS)
            Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. See Attached Rider                                                                          $              23,118.84

   8.2.                                                                                              $

9. **Total of Part 2.**                                                                             $              23,118.84

   Add lines 7 through 8. Copy the total to line 81.

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    |  | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:  _____ − _____ = ......➔     $
                               face amount        doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ − _____ = ......➔     $
                               face amount        doubtful or uncollectible accounts

12. **Total of Part 3**                                                                             $                  0.00

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☒ Yes. Fill in the information below.

    |  | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. None                                                          _____     $                  0.00

    14.2.                                                               _____     $

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                      % of ownership:

    15.1. See Attached Rider                             _____ %      _____     $                  0.00

    15.2.                                                _____ %      _____     $    + undetermined amounts

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. None                                                          _____     $                  0.00

    16.2.                                                               _____     $

17. **Total of Part 4**                                                                             $                  0.00
                                                                                                       + undetermined amounts
    Add lines 14 through 16. Copy the total to line 83.

Debtor     M&G Chemicals S.A.                                          Case number (if known) 17-12316 (BLS)
           Name

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☒ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.

    $_____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☒ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Official Form 206A/B                    Schedule A/B: Assets — Real and Personal Property                    page 3

Debtor    M&G Chemicals S.A.    Case number (if known) 17-12316 (BLS)
          Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.

    $_____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No

       ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☒ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.

    $_____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor      M&G Chemicals S.A.                                            Case number (*if known*)____17-12316 (BLS)_____
              Name

## Part 8:    Machinery, equipment, and vehicles

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

    $_____0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No

    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor    M&G Chemicals S.A.
          Name

Case number *(if known)*  17-12316 (BLS)

## Part 9:   Real property

**54. Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

❑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

❑ No

❑ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

❑ No

❑ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

❑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property** | $ | | $ |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____0.00

Debtor    M&G Chemicals S.A.
          Name

Case number (if known) 17-12316 (BLS)

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

### Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

Intercompany Notes Receivable - Mossi & Ghisolfi

15,506,274.00 —     Total face amount     doubtful or uncollectible amount    = →    $ 15,506,274.00

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

Taxes Receivable

Tax year 2016     $ 19,989.60

Tax year _____     $ _____

Tax year _____     $ _____

73. **Interests in insurance policies or annuities**

See Attached Rider

$ 0.00
+ undetermined amounts

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

None

$ 0.00

**Nature of claim** _____

**Amount requested** $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None

$ 0.00

**Nature of claim** _____

**Amount requested** $ _____

76. **Trusts, equitable or future interests in property**

None

$ 0.00

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

See Attached Rider

$ 4,503,977.36

$ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ 20,030,240.96
+ undetermined amounts

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

Debtor    M&G Chemicals S.A.    Case number *(if known)*   17-12316 (BLS)
          Name

## Part 12:    Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 10,653.46 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 23,118.84 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 + undetermined amounts | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ......................... ➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $ 20,030,240.96 + undetermined amounts | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 20,064,013.26 + undetermined amounts | **+** 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................................ $ 20,064,013.26 + undetermined amounts

Debtor Name: M&G Chemicals S.A.                                    Case Number: 17-12316 (BLS)

**Assets - Real and Personal Property**

**Part 1, Question 3:** Checking, savings, money market, or financial brokerage accounts

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| BGL BNP Paribas | Checking Account | 1000 | $10,472.21 |
| Unicredit | Checking Account | 158 | $181.25 |
|  |  | **TOTAL** | **$10,653.46** |

Debtor Name: M&G Chemicals S.A.                                    Case Number:   17-12316 (BLS)

**Assets - Real and Personal Property**

**Part 2, Question 8:** Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Description | Name of holder of prepayment | Current value of debtor's interest |
|---|---|---|
| Prepaid Insurance | Rice Insurance Services Company LLC | $23,118.84 |
| | **TOTAL** | **$23,118.84** |

Debtor Name: M&G Chemicals S.A.                                    Case Number: 17-12316 (BLS)

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture

| Name of Entity | % of ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Mossi & Ghisolfi International S.a r.l. | 100 | Net Book Value | Undetermined |
| M&G Chemicals Brazil S.A. | 51 | Net Book Value | Undetermined |
| | | **TOTAL** | **$0.00 + undetermined amounts** |

Debtor Name: M&G Chemicals S.A.                                      Case Number: 17-12316 (BLS)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| Lloyds | D&O | BO621PMGFI000416/ BO621PITAL000816 | Undetermined |
| Travelers Syndicate 5000 at Lloyds | Special Risks Policy | OY53271CN | Undetermined |
| XL Insurance Company SE | General Liability (Master) | IT0008951LI17A | Undetermined |
| XL Insurance Company SE | General Liability | BE00001832LI17A | Undetermined |
| | | **TOTAL** | **$0.00 + undetermined amounts** |

Debtor Name:        M&G Chemicals S.A.                                    Case Number:        17-12316 (BLS)

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed

| Description | Current value of debtor's interest |
|---|---|
| Intercompany Receivable - Mossi & Ghisolfi International S.a r.l. | $4,400,048.36 |
| Intercompany Receivable - M&G Polymers USA LLC | $103,929.00 |
| **TOTAL** | **$4,503,977.36** |

**Fill in this information to identify the case:**

Debtor name ___M&G Chemicals S.A.___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): ___17-12316 (BLS)___

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1** | Creditor's name | Describe debtor's property that is subject to a lien

$_____        $_____

Creditor's mailing address          **Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☐ Yes

Date debt was incurred

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.2** | Creditor's name | Describe debtor's property that is subject to a lien

$_____        $_____

Creditor's mailing address          **Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☐ Yes

Date debt was incurred

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$_____  0.00

Debtor    M&G Chemicals S.A.
Name                                      Case number *(if known)*   17-12316 (BLS)

---

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| None | | |

**Fill in this information to identify the case:**

Debtor          M&G Chemicals S.A.

United States Bankruptcy Court for the: _____ District of Delaware
                                                                          (State)

Case number    17-12316 (BLS)
(If known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** **Priority creditor's name and mailing address**
ADMINISTRATION DE L'ENREGISTREMENT ET
DES DOMAINES
BOITE POSTALE 31
LUXEMBOURG L-2010
LUXEMBOURG

**Date or dates debt was incurred**

Undetermined

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8____)

As of the petition filing date, the claim is: $_____ Undetermined     $_____
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
Contingent Tax Liability

**Is the claim subject to offset?**
☐ No
☒ Yes

**2.2** **Priority creditor's name and mailing address**
ADMINISTRATION DES CONTRIBUTIONS
18, RUE DU FORT WEDELL
LUXEMBOURG L-2982
LUXEMBOURG

**Date or dates debt was incurred**

Undetermined

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8____)

As of the petition filing date, the claim is: $_____ Undetermined     $_____
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
Contingent Tax Liability

**Is the claim subject to offset?**
☐ No
☒ Yes

**2.3** **Priority creditor's name and mailing address**
ADMINISTRATION DES CONTRIBUTIONS
DIRECTES
18, RUE DU FORT WEDELL
LUXEMBOURG L-2718
LUXEMBOURG

**Date or dates debt was incurred**

Undetermined

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8____)

As of the petition filing date, the claim is: $_____ Undetermined     $_____
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
Contingent Tax Liability

**Is the claim subject to offset?**
☐ No
☒ Yes

Debtor     M&G Chemicals S.A.
            _____     Case number (if known) 17-12316 (BLS)
            Name

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** <br> BANCO DO BRASIL S.A., NEW YORK BRANCH <br> ATTN: JOSE M. YEPEZ <br> 535 MADISON AVENUE <br> 34TH FLOOR <br> NEW YORK, NY 10022 | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☒ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Guarantor - Accounts Receivable Financing Agreement | $ 35,068,056.00 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

| 3.2 | **Nonpriority creditor's name and mailing address** <br> BANCO INBURSA, S.A. <br> INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO INBURSA <br> PASEO DE LAS PALMAS 736 - COL. LOMAS DE CHAPULTEPEC <br> MÉXICO, D.F. 11000 <br> MEXICO | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☒ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Guarantor - Term Loan | $ 123,466,287.00 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

| 3.3 | **Nonpriority creditor's name and mailing address** <br> COMERICA <br> 411 W. LAFAYETTE <br> DETROIT, MI 48226 | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☒ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Guarantor - Revolving Credit Facility | $ 50,149,160.67 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

| 3.4 | **Nonpriority creditor's name and mailing address** <br> DAK AMERICAS, LLC <br> 5925 CARNEGIE BOULEVARD <br> SUITE 500 <br> CHARLOTTE, NC 28209 | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☒ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Guarantor - Second Lien Term Loan | $ 463,637,500.00 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

| 3.5 | **Nonpriority creditor's name and mailing address** <br> DELTA LLOYD LIFE N.V. <br> FONSNYLAAN 38 <br> BRUSSELS 1060 <br> BELGIUM | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☒ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Guarantor - Term Loan | $ 83,930,094.66 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

| 3.6 | **Nonpriority creditor's name and mailing address** <br> DIRECTOR 2018-160136 <br> ADDRESS ON FILE | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Unpaid Director's Fees | $ 183,033.06 |
|  | Date or dates debt was incurred    Undetermined <br> Last 4 digits of account number    __ __ __ __ | **Is the claim subject to offset?** <br> ☐ No <br> ☐ Yes | |

Debtor   M&G Chemicals S.A.
_____
Name

Case number *(if known)* 17-12316 (BLS)

| Part 2: | Additional Page |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.7** **Nonpriority creditor's name and mailing address** — $366,066.12

DIRECTOR 2018-160137
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
- ❏ No
- ❏ Yes

**3.8** **Nonpriority creditor's name and mailing address** — $183,033.06

DIRECTOR 2018-160138
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
- ❏ No
- ❏ Yes

**3.9** **Nonpriority creditor's name and mailing address** — $183,033.06

DIRECTOR 2018-160139
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
- ❏ No
- ❏ Yes

**3.10** **Nonpriority creditor's name and mailing address** — $183,033.06

DIRECTOR 2018-160140
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
- ❏ No
- ❏ Yes

**3.11** **Nonpriority creditor's name and mailing address** — $232,689.05

DIRECTOR 2018-160141
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
- ❏ No
- ❏ Yes

Debtor    M&G Chemicals S.A.
_____
Name

Case number *(if known)* 17-12316 (BLS)
_____

| **Part 2:** | **Additional Page** |
| --- | --- |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
| --- | --- |

| 3.12 | **Nonpriority creditor's name and mailing address** | $183,033.06 |
| --- | --- | --- |

DIRECTOR 2018-160142
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*

❏ Contingent
❏ Unliquidated
❏ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❏ No
❏ Yes

| 3.13 | **Nonpriority creditor's name and mailing address** | $4,164.38 |
| --- | --- | --- |

DURO & GOEBEL AVOCATS
3 RUE DE LA CHAPELLE
LUXEMBOURG 2017
LUXEMBOURG

**As of the petition filing date, the claim is:**
*Check all that apply.*

❏ Contingent
❏ Unliquidated
❏ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❏ No
❏ Yes

| 3.14 | **Nonpriority creditor's name and mailing address** | $52,116.72 |
| --- | --- | --- |

ERNST & YOUNG SOCIETE' ANONYME
35E AVENUE JOHN F. KENNEDY
LUXEMBOURG 1855
LUXEMBOURG

**As of the petition filing date, the claim is:**
*Check all that apply.*

❏ Contingent
❏ Unliquidated
❏ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❏ No
❏ Yes

| 3.15 | **Nonpriority creditor's name and mailing address** | $5,291.40 |
| --- | --- | --- |

HELLINCKX HENRI NOTAIRE
101 RUE CENTS
LUXEMBOURG 1319
LUXEMBOURG

**As of the petition filing date, the claim is:**
*Check all that apply.*

❏ Contingent
❏ Unliquidated
❏ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❏ No
❏ Yes

| 3.16 | **Nonpriority creditor's name and mailing address** | $357,728,865.00 |
| --- | --- | --- |

INDUSTRIAL AND COMMERCIAL BANK OF C
NO.55 FUXINGMENNEI AVE.
BEIJING 100140
CHINA

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
❏ Unliquidated
❏ Disputed

**Basis for the claim:** Guarantor - Unsecured Debt Instrument

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❏ No
❏ Yes

Debtor    M&G Chemicals S.A.
_____
     Name

Case number *(if known)* 17-12316 (BLS)
_____

| **Part 2:** | **Additional Page** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim** |
|---|---|

| | | |
|---|---|---|
| 3.17 | **Nonpriority creditor's name and mailing address** | $21,380.87 |

LAW DEBENTURE CORPORATE SERV LTD
100 WOOD ST
FIFTH FL
LONDON EC2V 7EX
UNITED KINGDOM

**As of the petition filing date, the claim is:**
*Check all that apply.*

❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❑ No
❑ Yes

| | | |
|---|---|---|
| 3.18 | **Nonpriority creditor's name and mailing address** | $6,385,677.90 |

M&G POLIMEROS MEXICO SA DE CV
BOULEVARD PETROCEL KM 2 SN
ALTAMIRA 89600
MEXICO

**As of the petition filing date, the claim is:**
*Check all that apply.*

❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Intercompany Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❑ No
☒ Yes

| | | |
|---|---|---|
| 3.19 | **Nonpriority creditor's name and mailing address** | $4,424,363.44 |

MOSSI & GHISOLFI INTERNATIONAL S.A R.L.
37 /A AVENUE J.F. KENNEDY
LUXEMBOURG L-1855
LUXEMBOURG

**As of the petition filing date, the claim is:**
*Check all that apply.*

❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Intercompany Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❑ No
☒ Yes

| | | |
|---|---|---|
| 3.20 | **Nonpriority creditor's name and mailing address** | $366,066.12 |

TPG SIXTH STREET PARTNERS, LLC
345 CALIFORNIA STREET SUITE 3300
SAN FRANCISCO, CA 94104

**As of the petition filing date, the claim is:**
*Check all that apply.*

❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:** Unpaid Director's Fees

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**

❑ No
❑ Yes

Debtor      M&G Chemicals S.A.
            _____          Case number *(if known)* __17-12316 (BLS)__
            *Name*

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|--------------------------------------------------|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|--------------------------|---------------------------------------------------------------------------|-----------------------------------------|

Debtor  M&G Chemicals S.A.
Name
Case number (if known) 17-12316 (BLS)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ | 0.00<br>+ undetermined amounts |
| 5b. **Total claims from Part 2** | 5b. **+** | $ | 1,126,752,944.62 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 1,126,752,944.62<br>+ undetermined amounts |

Official Form 206E/F                Schedule E/F: Creditors Who Have Unsecured Claims                Page 7 of 7

**Fill in this information to identify the case:**

Debtor name __M&G Chemicals S.A.__

United States Bankruptcy Court for the:_____ District of __Delaware__
(State)

Case number (If known): __17-12316 (BLS)__          Chapter __11__

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☒ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | D&O Insurance Dated 11/11/2014 | LLOYDS<br>CORSO GARIBALDI<br>86<br>MILAN 20121<br>ITALY |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Compensation Agreement | M&G INTERNATIONAL  S.A.R.L.<br>L-1855<br>37/A<br>AVENUE J.F. KENNEDY<br>LUXEMBOURG<br>LUXEMBOURG |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | Primary directors and officers liability and company reimbursement insurance Dated 12/22/2016 | MILLER INSURANCE SERVICES LLP<br>70 MARK LANE<br>LONDON EC3R 7NQ<br>UNITED KINGDOM |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Office rent Dated 01/28/2013 | PRESIDENT A S.A.<br>46A, AVENUE J.F. KENNEDY<br>LUXEMBOURG 1855<br>LUXEMBOURG |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest | Administrative and tax advisors Dated 07/15/2014 | YOUR TACS SA<br>5, PLACE DU THEATRE<br>LUXEMBOURG 2613<br>LUXEMBOURG |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name  M&G Chemicals S.A.

United States Bankruptcy Court for the: _____  District of Delaware
(State)

Case number (If known):  17-12316 (BLS)

☐ Check if this is an amended filing

# Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing address | Name | Check all schedules that apply: |
| 2.1 | M&G Chemicals Brazil SA | AVENUE JF KENNEDY  37/A LUXEMBOURG, L-1855 | BANCO INBURSA, S.A. | ☐ D ☒ E/F ☐ G |
| 2.2 | M&G Polimeros Brazil S.A. | RODOVIA PE-60 , KM 10 S/N IPOJUCA, 55590-000BRAZIL | BANCO INBURSA, S.A. | ☐ D ☒ E/F ☐ G |
| 2.3 | M&G Polimeros Mexico S.A. de C.V. | Blvd. Petrocel KM 2 ALTAMIRA, 89603MEXICO | BANCO INBURSA, S.A. | ☐ D ☒ E/F ☐ G |
| 2.4 | Mossi & Ghisolfi International S.a r.l. | 450 Gears Road Suite 240 Houston, TX  77067UNITED STATES | BANCO INBURSA, S.A. | ☐ D ☒ E/F ☐ G |
| 2.5 | Mossi & Ghisolfi International S.a r.l. | 450 Gears Road Suite 240 Houston, TX  77067UNITED STATES | COMERICA | ☐ D ☒ E/F ☐ G |
| 2.6 | M & G Resins USA, LLC | 450 Gears Road Suite 250 Houston, TX  77067UNITED STATES | INDUSTRIAL AND COMMERCIAL BANK OF C | ☐ D ☒ E/F ☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name __M&G Chemicals S.A.__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                        (State)

Case number (*If known*): __17-12316 (BLS)__

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- [X] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- [X] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- [X] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- [X] *Schedule H: Codebtors* (Official Form 206H)

- [X] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- [ ] Amended *Schedule* _____

- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- [ ] *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/22/2018__          ✗ /s/ Dennis Stogsdill
        MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                     Dennis Stogsdill
                                     Printed name

                                     Chief Restructuring Officer
                                     Position or relationship to debtor